WILLIAM H. JORDAN *vs.* FREDERICK L. HARSON.

FEBRUARY 11, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

O'Connell, J. This action in assumpsit on a promissory note was tried before a justice of the superior court sitting without a jury, and a decision was rendered for the plaintiff for $525 with interest and costs, amounting in all to $682.50. The case is before us on defendant's exception to such decision.

In support of his claim, plaintiff presented as an exhibit the promissory note for $525 which was signed by defendant and reads as follows:

"525.00 March 8 1947
Six months after date for value received I promise to pay William H. Jordan or order, Five hundred and 25————————————————Dollars, with interest at the rate of 0 per cent per annum, payable semi-annually till said principal sum is paid, whether at or after maturity, and all installments of interest in arrears, whether before or after maturity, to bear interest at the rate aforesaid till paid. It is agreed that this note may be renewed at expiration of six months by agreement of both principles.
[signed] Frederick L. Harson"

Both plaintiff and his wife testified that at the time of the delivery of the note plaintiff gave to defendant the sum of $525 in cash. The wife further testified that defendant stated he had lost a lot of business and was "in the hole" and that the $525 represented a loan made at defendant's request to assist him in his personal obligations.

Although defendant admitted that he had received the $525 and had signed the note, he sought to show that such

note was without consideration. It appears in evidence that plaintiff and defendant, who was his son-in-law, had previously been engaged in what was referred to as a "pool" in the buying and selling of stocks and investment securities. The defendant testified that the $525 was not a loan but represented approximately the amount due him from the "pool" operations and that the money given to him by plaintiff actually belonged to defendant. Both plaintiff and his wife stated positively that the note transaction had nothing to do with the "pool" operations or accounting, and plaintiff testified that defendant has not yet made a final accounting on the "pool" transactions and is still indebted to him in connection therewith.

From the foregoing it is clear that the trial justice was confronted with conflicting testimony on the controlling issue of fact. He had the opportunity, which we do not have, to see and hear the witnesses and to pass upon their credibility. It is well settled in this state that the decision of a trial justice sitting without a jury is entitled to great weight and should not be disturbed unless it is clearly wrong. We have carefully examined the transcript in this case and we cannot say that the trial justice either overlooked or misconceived any credible evidence or that his decision is clearly wrong on the question of liability.

However, we are of the opinion that the trial justice was in error in allowing interest from the maturity of the note. Such note provided for interest "at the rate of 0 per cent per annum, payable semi-annually till said principal sum is paid, *whether at or after maturity,* and all installments of interest in arrears, whether before or after maturity, to bear interest at the *rate aforesaid* till paid." (italics ours) In these circumstances we are of the opinion that the express terms of the note should govern and that the plaintiff is not entitled to any interest on the principal sum thereof. Therefore the allowance of such interest as part of the decision

is erroneous. The plaintiff is entitled only to the statutory interest from the date of the writ.

The defendant's exception is sustained in part, and the case is remitted to the superior court with direction to enter judgment for the plaintiff on the decision as modified by this opinion.

*Letts & Quinn, Daniel J. Murray,* for plaintiff.

*Worrell & Hodge, Lee A. Worrell,* for defendant.