RIVERSIDE SILK MILLS LIMITED *vs.* ATLAS CONVERTING

COMPANY.

JULY 21, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is an action of assumpsit brought by Riverside Silk Mills Limited, a corporation of Canada,

against Atlas Converting Company, a Rhode Island corporation, for merchandise sold and delivered to the defendant. The case was heard in the superior court before a justice thereof sitting without a jury and resulted in a decision for the plaintiff in the sum of $4,510 and costs. From that decision the plaintiff and defendant each prosecuted a bill of exceptions to this court. However, the defendant's exceptions were neither briefed nor argued and are therefore deemed to be waived. Consequently the case is presently before us solely on the plaintiff's exception to the decision, with such assistance in argument as was given by the *amicus curiae* with permission of the court.

The plaintiff seeks to recover the sum of $6,353.40 for certain yarn sold and delivered to defendant under an oral contract. The declaration is in the common counts. The defendant filed a plea of the general issue and a special plea in setoff based upon a breach of warranty as to the quality of the yarn involved in this suit.

After a lengthy hearing the trial justice in a comprehensive rescript recited in detail the transactions between the parties and found that defendant did not within a reasonable time reject the yarn purchased and therefore must be deemed to have accepted it. He further found that the evidence disclosed that the yarn delivered was of an inferior quality and that its true value was $4,000, the price at which it was finally sold by defendant. He therefore rendered a decision for plaintiff in that sum, together with interest of $510, a total of $4,510 and costs. In reaching such conclusion he stated that he had given careful consideration to defendant's plea in setoff.

In our opinion the evidence on all the pertinent issues is conflicting. It is well settled in this state that the decision of a trial justice based on conflicting evidence is entitled to great weight and should not be disturbed unless it is clearly wrong. *Jordan* v. *Harson*, 81 R. I. 306, 102 A.2d 709. With that principle in mind we have carefully examined the tran-

script and exhibits in the instant case, and from such examination we cannot say that the decision of the trial justice is clearly wrong. Hence we cannot disturb it.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Robert N. Greene,* for plaintiff.

*Walter I. Sundlun,* amicus curiae.